CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

January 06, 2025

LAURA A. AUSTIN, CLERK
BY:
        s/A. Beeson
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MARCUS LE'SHAWN DIXON,            )
    Plaintiff,                    )        Civil Action No. 7:24-cv-00209
                                  )
v.                                )
                                  )        By:  Elizabeth K. Dillon
DAVE ANDERSON,                    )             Chief United States District Judge
    Defendant.                    )

**MEMORANDUM OPINION**

Plaintiff Marcus Le'Shawn Dixon, a Virginia inmate proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983, alleging that body wash purchased at the Red Onion State Prison commissary caused open sores on his face and crotch areas. (Compl., Dkt. No. 1.) The sole defendant is Dave Anderson, the warden at Red Onion, who has moved to dismiss. (Dkt. No. 20.) Thereafter, plaintiff filed a motion for leave to amend (Dkt. No. 31) to add the current Director of the Virginia Department of Corrections, Chadwick Dotson, as a defendant and a motion for summary judgment with memorandum (Dkt. No. 32, 32-1), which the court construes as the stated motion and a response to defendant's motion to dismiss.

For the reasons stated herein, defendant's motion to dismiss will be granted, and plaintiff's motions will be denied.

## I.  BACKGROUND

Plaintiff alleges, in a verified complaint, that during the month of December 2023, there was a shortage of available soap in the Red Onion commissary. (Compl. ¶ 5.) Plaintiff began purchasing and using a soap that he normally does not purchase, a liquid body wash, from December 27, 2023, until February 1, 2024. (*Id.*, Ex. A, B.) On approximately January 15,

2024, Dixon noticed numerous open sores on his body, some beneath his facial hair and some on his crotch area. The sores were painful, but there was no discharge. (*Id.* ¶ 6.)

Dixon examined the label and noticed a warning label stating that the wash contained chemicals that cause cancer. (*Id.* ¶ 8, Ex. C.) Plaintiff asked to be examined by an institutional doctor. A nurse advised plaintiff to not use the soap until the soap shortage ended. (*Id.* ¶ 9.)

Plaintiff alleges that the defendant was deliberately indifferent and violated plaintiff's right to be protected from cruel and unusual punishment, causing pain, suffering, and physical injury. (*Id.* ¶ 12.) Plaintiff seeks damages and an injunction ordering defendant to stop selling the body wash and all "Elementz" products. (*Id.* ¶ 14.)

Rick White was named as the defendant in the original complaint. On May 10, 2024, the court granted plaintiff's motion to substitute Dave Anderson, Warden of Red Onion State Prison, as the sole defendant, sued in his official and individual capacity. (Dkt. No. 11.)

After he filed this action, Dixon was transferred out of Red Onion. (Dkt. No. 26 (indicating plaintiff's change of address to Wallens Ridge State Prison).)

## II.  ANALYSIS

### A.  Plaintiff's Motion for Leave to Amend

Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent of the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* In the Fourth Circuit, courts are directed "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Leave should be denied if "prejudice, bad faith, or futility" is present. *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012).

Previously, the court denied two motions to amend because of Dixon's attempt to construct his complaint piecemeal in violation of Rule 8 and 10 of the Federal Rules of Civil Procedure." (Dkt. No. 28 at 1.)  The court explained to Dixon that if he wants to amend his complaint, he must "file a *single* document that should be titled as an amended complaint." (*Id.* (emphasis in original).)  Rather than complying with the court's order, Dixon's motion for leave to amend again tries to construct his complaint piecemeal by adding a new defendant to his original complaint.  For example, he requests that "all relevant enumerated paragraphs of the said pending complaint now reflect the proposed amended name of Chadwick Dotson, along with Dave Anderson, as a party that is responsible for actions complained of." (Dkt. No. 31 at 1–2.) Therefore, the court will deny the motion for leave to amend for the same reasons that the court has previously stated.  Moreover, the proposed amendment—adding Chadwick Dotson, the VDOC Director as a defendant—is futile because plaintiff's motion does not explain how Dotson is responsible for the alleged violation of Dixon's constitutional rights.  A plaintiff must allege the personal involvement of each defendant.  *See Shook v. McNally*, CIVIL CASE NO. 1:24-cv-00100-MR, 2024 WL 4296524, at *2 (W.D.N.C. Sept. 25, 2024) (explaining that the "doctrine of respondeat superior does not apply in actions brought under § 1983" and "personal involvement is required") (citing *Riddick v. Barber*, 109 F.4th 639, 649 (4th Cir. 2024)).

Thus, the court will deny Dixon's motion for leave to amend.

**B. Defendant's Motion to Dismiss**

Anderson moves to dismiss the complaint on the ground that he is not alleged to be personally involved in any injury to Dixon.  Dixon argues that Anderson has conceded that Dixon was exposed to cancer-causing chemicals.  (Pl.'s Mem. 6, Dkt. No. 32-1.)  He also states that the "now operating warden, defendant Dave Anderson, of Red Onion State Prison is liable

3

regarding plaintiff's complaint." (*Id.* ¶ 9.)  According to plaintiff, even though Anderson has

been made aware of the issue with the body wash, it is still being sold at Red Onion.  (*Id.* ¶¶ 15,

17.)

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most

favorable to the plaintiff.  *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-

pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual

allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A

plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681

(2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and

courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*,

551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold

of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-

23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the

work of an untutored hand requiring special judicial solicitude," district courts are not required to

"conjure up questions never squarely presented to them" or to "construct full blown claims from

. . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

4

As explained above, vicarious liability generally does not apply to § 1983 suits. "Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Dixon does not allege any personal involvement by Anderson.  Indeed, by plaintiff's own admission, Anderson only became warden after Dixon filed his complaint.  (*See* Dkt. No. 10 ("Since filing the original complaint, Rick White is no longer the operating warden at the prison from which the said complaint arises.  The now operating warden ad the prison is . . . Dave Anderson.").)  Thus, Anderson could not have been personally involved in the alleged violations.  His only argument is that Anderson must be liable by virtue of being the warden.  This is insufficient to establish liability via personal involvement or as a supervisor, and it would not be sufficient even if Anderson *was* the warden when Dixon was allegedly injured.  *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994) (outlining elements necessary to establish supervisory liability under § 1983).  Moreover, to the extent that Dixon seeks an injunction or an order for Anderson to stop the sale of body wash at Red Onion, Dixon is now at a different institution, and claims for injunctive relief become moot when a prisoner is no longer subjected to the conditions about which he complains.  *See Am. Humanist Assoc. v. Perry*, 303 F.3d 421, 426 (E.D.N.C. 2018) ("As a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there.") (citing *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009)).

Further, to establish an Eighth Amendment violation, plaintiff must show (1) a serious deprivation of a basic human need, and (2) deliberate indifference to prison conditions on the part of prison officials.  *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993).  Plaintiff has

5

not alleged, under the second prong, that Anderson has acted "with a sufficiently culpable state of mind," *id*.

Therefore, the court will grant defendant's motion to dismiss.

## C.  Plaintiff's Motion for Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Dixon offers no basis for the entry of judgment in his favor and has not stated an actionable claim for relief against Anderson, so he is not entitled to summary judgment.

### III.  CONCLUSION

The court will issue an appropriate order denying plaintiff's motion for leave to amend, granting defendant's motion to dismiss, and denying plaintiff's motion for summary judgment.

Entered: January 6, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge